NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 16-1876

———————————

UNITED STATES OF AMERICA

v.

KIMBERLY SPELLMAN, a/k/a Candi Jones a/k/a Kim Jones

Kimberly Spellman,
            Appellant

———————————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 1-14-cr-00050-018)
District Judge: Honorable Noel L. Hillman

———————————

Submitted Under Third Circuit LAR 34.1(a)
March 20, 2017

Before: AMBRO, JORDAN, and ROTH, Circuit Judges

(Opinion filed: April 18, 2017)

———————————

OPINION*

———————————

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

AMBRO, Circuit Judge

Kimberly Spellman contends that the District Court erred in sentencing her to 60 months' imprisonment after the Government agreed not to seek a sentence exceeding 24 months. Spellman also argues that the Court failed to consider adequately the sentencing factors pursuant to 18 U.S.C. § 3553(a). We disagree and thus affirm.

Spellman was a member of the Derry Drug Trafficking Organization, a criminal street gang. It sold heroin in and near various public housing complexes in Atlantic City, New Jersey. Spellman was the girlfriend of the gang leader, Mykal Derry, and would regularly drive him to obtain and deliver heroin. She also used her residence as a location to store heroin, guns, and ammunition, as well as a location from which to distribute heroin.

As a result of a two-year joint investigation conducted by the FBI and the Atlantic City Police Department, Spellman was arrested in March 2013 for her participation in the drug gang. By agreement Spellman pleaded guilty to conspiracy to possess with intent to distribute heroin within 1,000 feet of a public housing complex, contrary to 21 U.S.C. §§ 841(a), (b)(1)(C), 860, and in violation of 21 U.S.C. § 846. The proper Sentencing Guideline range for Spellman was 78 to 97 months' imprisonment, but, as noted, the plea agreement stipulated that the Government would not seek a sentence greater than 24 months.

At Spellman's sentencing hearing, she sought the mandatory minimum 12-month sentence plus one day. The Government honored the plea agreement and requested 24 months. Because Spellman expressed no remorse during her allocution and taking into

2

account the seriousness of her conduct, the Court in its discretion imposed a 60-month sentence. She appeals.

First, Spellman challenges that the District Court committed procedural error in failing to give meaningful consideration of the 18 U.S.C. § 3553(a) factors and the parties' sentencing recommendations. To preserve a claim of procedural error for appeal, a party must object after the sentence is pronounced. *United States v. Flores-Mejia*, 759 F.3d 253, 258 (3d Cir. 2014) (en banc). Issues that go unpreserved will be reviewed for plain error. *Id.* at 259. "An error is plain if it is 'clear' or 'obvious,' 'affects substantial rights,' and 'affects the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Dragon*, 471 F.3d 501, 505 (3d Cir. 2006)). As Spellman failed to object to the Court's variance from the Sentencing Guidelines and the parties' recommended sentences, her appeal as to procedural error is limited to plain error review.

The Court set Spellman's sentence after meaningful consideration of the parties' request for a variance along with the § 3553(a) factors. It made clear that the downward variance from the Guidelines was "a sentence sufficient, but not greater than necessary, to . . . reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense[,]" to deter others from criminal conduct, to protect the public, and to "provide [Spellman] with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(2). The Court also considered other § 3553(a) factors, such as "the nature and circumstances of the offense and the history and characteristics of the defendant[,]" "the kinds of sentences available[,]" "the sentencing range" set by the Guidelines for the

3

applicable category of offense committed," " the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," and—though not applicable here—restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7); *see* J.A. at 109-25. The Court's consideration of the parties' variance requests and the § 3553(a) factors was thorough and sufficiently articulated at Spellman's sentencing hearing.

Moreover, Spellman's argument that the Court erred in not giving adequate consideration to the Government's 24-month sentence recommendation fails. It "was not bound by any of the terms of the plea agreement[.]" *United States v. Powell*, 269 F.3d 175, 186 (3d Cir. 2001). In this context, it is hard to say that the Court erred, let alone plainly, in its conclusion that 60 months was an appropriate sentence for Spellman.

Next, Spellman's argument that her 60-month sentence was substantively unreasonable likewise is unavailing. Such a claim is reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 52 (2007). Spellman relies on the standard in *United States v. Tomko* that the District Court's sentence will be affirmed "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." 562 F.3d 558, 568 (3d Cir. 2009) (en banc). "'[R]easonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc) (citations omitted). Because the record shows that the Court conducted a complete and detailed application of the 18 U.S.C. § 3553(a) factors, the 60-month sentence—well below the 78-month minimum Guidelines

4

recommendation—was not substantively unreasonable, and the District Court did not abuse its discretion in imposing it.  Accordingly, we affirm.